IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2016

**MISTY ELLIS v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Davidson County**
**No. 15-C-2745      Joseph P. Binkley, Jr., Judge**

_____

**No. M2015-01933-CCA-R3-HC – Filed June 29, 2016**

_____

In 2014, the Petitioner, Misty Ellis, pleaded guilty to robbery, and the trial court imposed the sentence agreed to by the parties of six years at 100%. In 2015, the Petitioner filed a petition for habeas corpus relief, contending that her release eligibility percentage was illegal because it was in direct contravention of the release eligibility statute, Tennessee Code Annotated section 40-35-501. The habeas corpus court dismissed the Petitioner's petition for failure to comply with habeas corpus statutory filing requirements. On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed her petition because she complied with the filing requirements and because her agreed-to sentence is illegal. The State counters that the habeas corpus court properly dismissed her petition because the judgment form does not show any illegality in the Petitioner's plea-bargained sentence. After a thorough review of the record, we affirm the habeas corpus court's dismissal of the Petitioner's petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Misty Ellis, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; and Glenn R. Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The Petitioner's judgment of conviction, attached to her petition for habeas corpus relief, shows that she pleaded guilty on July 18, 2014, to robbery, a Class C felony. The judgment indicates that the trial court sentenced the Petitioner to serve six years of incarceration, as a Standard Offender, consecutive with and concurrent to two other sentences in another county, with a release eligibility of 100%. At the bottom of the judgment form is written: "Upon recommendation that charge is amended. Defendant agrees to plea outside range of punish[m]ent on [release eligibility]."

On July 20, 2015, the Petitioner filed a petition for a writ of habeas corpus, alleging that her sentence of six years of incarceration at 100% was illegal because the sentence was not allowed by statute. Citing Tennessee Code Annotated sections 40-35-501(b) and (c), she contended that her release eligibility for the Class C felony of robbery should have been 30% and not 100%. On July 27, 2015, the habeas corpus court filed an order stating that the Petitioner had failed to comply with Tennessee Code Annotated section 41-21-801 *et. seq.* by failing to file: a paupers oath, an affidavit as required by section 41-21-805, and partial payment of the filing fee as required by section 41-21-807. The habeas corpus court instructed the Petitioner that she had twenty days to comply with the requirements. On August 19, 2015, the Petitioner filed an application "in forma pauperis." On August 21, 2015, the habeas corpus court filed an order dismissing the Petitioner's petition for writ of habeas corpus, "pursuant with the Court's order dated July 27, 2015," stating that the Petitioner had failed to file partial payment of the filing fee as required by section 41-21-807.

On September 24, 2015, the Petitioner filed a notice of appeal with this Court, appealing the dismissal of her petition. On September 30, 2015, the habeas corpus court filed an order denying the Petitioner's application to proceed "in forma pauperis" with respect to her appeal to this court. In its order, the habeas corpus court stated that the Petitioner had failed to comply with section 41-21-807(a) by failing to submit a certified copy of her trust account statement prior to filing her notice of appeal of the habeas corpus court's judgment.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed her petition for habeas corpus relief. She contends that her petition should not have been dismissed because she did not have the money to pay the filing fee, as prohibited by section 41-21-807(b)(4), which states: "In no event shall an inmate be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the inmate has no assets and no means by which to pay the initial partial filing fee." She further contends that her sentence is illegal because she was sentenced outside the applicable range to a release percentage of 100%. The State responds that the

2

Petitioner agreed to her sentence as part of a negotiated settlement of her case and that, although the habeas corpus court dismissed her petition for failing to pay her filing fee, the dismissal was proper because she did not allege a proper basis for habeas corpus relief. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

The habeas corpus court dismissed the Petitioner's petition for her failure to file the mandated filing fee. *See* T.C.A. § 41-21-807. We acknowledge that Tennessee Code Annotated section 41-21-807(b)(4) prohibits the dismissal of an inmate's appellate action because of her inability to pay the filing fee. While the habeas corpus court may have erred by improperly dismissing the Petitioner's petition on this basis, the Petitioner is not entitled to relief because her petition did not state a cognizable claim for relief.

3

Addressing her petition on its merits, the Petitioner's judgment does not contain an illegal sentence as she claims. The Petitioner agreed to a six-year sentence with a release eligibility of 100%, outside the applicable range for robbery, as indicated by the note on the judgment form. The note indicates that her plea was part of a negotiated agreement with the State. As the State points out, "a defendant may plea bargain for a [release eligibility percentage] that is inconsistent with the sentencing range agreed to." *Davis v. State*, 313 S.W.3d 751, 757 (Tenn. 2010) (citing *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) for the example of a defendant who agreed to a sentence as a Range I offender with a Range II release eligibility percentage). Thus, her sentence is not illegal. Accordingly, we conclude that the habeas corpus court properly dismissed her petition. The Petitioner is not entitled to relief.

## III. Conclusion

After a thorough review of the record and the applicable law, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4